# In the United States Court of Federal Claims

No. 12-251C
(Filed: May 15, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
RES-CARE, INC.,

       *Plaintiff*,

v.

THE UNITED STATES,

       *Defendant.*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

      Plaintiff, Res-Care, Inc. ("Res-Care"), seeks an injunction to halt the procurement process for the operation of the Blue Ridge Job Corps Center ("Blue Ridge") during the pendency of its appeal. Res-Care currently operates Blue Ridge in Marion, Virginia under contract DOLJ08PA00001, which ran from April 1, 2008 until March 31, 2013, and has been extended through July 2013. DOL solicited the contract as a small business set-aside in September of 2012 and anticipates making an award during the summer of 2013. Plaintiff does not expect a decision from the Court of Appeals for the Federal Circuit until after the contract has been awarded and therefore seeks an injunction to maintain the status quo.

      On April 18, 2012, plaintiff filed its complaint protesting the Department of Labor's decision to designate the contract for operation of Blue Ridge as a small business set-aside. Plaintiff's April 1, 2013 request for an injunction or stay during the course of the appeal follows our November 6, 2012 opinion denying Res-Care's motion for judgment on the administrative record and granting defendant's cross-motion. Defendant submitted its response to plaintiff motion for an injunction pending appeal on April 18, 2013, and plaintiff's reply followed on April 29, 2013. We deem oral argument unnecessary. For the reasons explained below, we deny plaintiff's motion.

DISCUSSION

Pursuant to the Rules of the Court of Federal Claims ("RCFC"), we have the authority to grant an injunction while an appeal of final judgment is pending. RCFC 62(c); Fed. R. App. P. 8(a) ("A party must ordinarily move first the district court for . . . an injunction while an appeal is pending."). "An injunction pending appeal . . . is 'an extraordinary remedy.'" *Acrow Corp. of Am. v. United States*, 97 Fed. Cl. 182, 183 (2011) (quoting *Golden Eagle Ref. Co. v. United States*, 4 Cl. Ct. 622, 624 (1984)). To warrant such extraordinary relief, the court must find that equity tips in the movant's favor. *See JWK Int'l Corp. v. United States*, 49 Fed. Cl. 364, 366 (2001). We will weigh the following factors: "(1) whether the movant has made a strong showing that he is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Alaska Cent. Express, Inc. v. United States*, 51 Fed. Cl. 227, 229 (2001) (citing *Standard Havens Prods., Inc. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))). A strong showing of harm may tip the balance of equity in the movant's favor even if the movant cannot demonstrate a strong likelihood of success on merits. *JWK Int'l Corp.*, 49 Fed. Cl. at 366 (citation omitted) (stating that when the harm weighs heavily in plaintiff's favor, then plaintiff need only "demonstrate a substantial case on the merits").

I.    Likelihood of Success on the Merits

In its appeal, plaintiff argues that relevant evidence was improperly excluded from the administrative record, that portions of plaintiff's filings referring to that excluded evidence were improperly struck, that an injunction should have been entered, that the applicable statute requires full and open competition, and that the agency's Rule of Two analysis was arbitrary and capricious. Specifically, Res-Care asserts that the Workforce Investment Act ("WIA"), Pub. L. No. 105-220, 112 Stat. 936 (1998), amending various sections codified throughout Title 29, required that contracts for the operation of Job Corps Centers be awarded on a "competitive basis" and this term precludes procurement vehicles such as small business set-asides as described in the Competition in Contracting Act, ("CICA"), Pub. L. No. 98-369, 98 Stat. 494 (1984), now codified at 41 U.S.C. §§ 3304 (a)-(c) (Supp. V 2011). If, however, small business set-asides are permitted by statute, then plaintiff argues that the contracting officer's decision to set aside this contract for

competition amongst small businesses was arbitrary and capricious in light of data showing in general, that small businesses have a bad track record operating Job Corps Centers. To support its assertion that small businesses have a record of poor performance, plaintiff moved to supplement the administrative record with affidavits from its Executive Vice-President of Operations, Richard Myers, and a statistical report entitled "Analysis of Small Business Contracting in Job Corps," written by Peter Rell, the former National Director of Job Corps, and Vince Doran, the former President of Res-Care ("Rell & Doran Report"). We denied this motion with respect to the Rell & Doran report and portions of Mr. Myers' affidavits. It was therefore necessary to strike portions of plaintiff's motion for judgment on the administrative record and its reply in support thereof because plaintiff referred to materials that were not part of the record. After issuing an opinion detailing our reasoning, we ordered judgment against plaintiff.

We dealt with each of plaintiff's contentions in our opinion. *See Res-Care v. United States*, 107 Fed. Cl. 136 (2012). There, we concluded that each of plaintiff's arguments lacked merit. We see no need to revisit that conclusion, especially since this factor requires a strong showing of likelihood of success on the merits. However, if the movant is able to make the lesser showing of a "'substantial case on the merits,'" then plaintiff may be able to obtain injunctive relief if the harm is great enough. *Alaska Cent. Express*, 51 Fed. Cl. at 230 (quoting *Standard Havens*, 897 F.2d at 512). Without deciding whether plaintiff has a substantial case on the merits, we examine the other factors to see whether they weigh in plaintiff's favor.

II.     Irreparable Harm to Res-Care

Res-Care claims that, if the procurement proceeds as a small business set-aside, then it will lose revenue, experienced employees, the ability to use the contract to demonstrate high-rated past performance, and ultimately, Res-Care will suffer harm to its reputation from being excluded from the bid process. These harms, plaintiff states, cannot be remedied through relief that the court could grant other than an injunction.

Defendant responds by noting that the harms plaintiff asserts are no different than the potential consequences that any incumbent contractor faces during the procurement process and therefore do not warrant the drastic relief plaintiff requests. *CRAssociates, Inc. v. United States*, 103 Fed. Cl. 23, 26 (2012) ("[T]he harms alleged by plaintiff are the sorts of things that any

incumbent would experience upon the loss of a successor contract. If plaintiff is right that these typical types of harm warrant a stay pending appeal here, then such would be true for every incumbent who fails to obtain a successor contract."). We agree. Plaintiff has not shown any unique or irreparable harm should the procurement continue.

III.     Substantial Injury to Other Parties

Plaintiff asserts that enjoining the procurement process will not harm DOL because that agency is currently experiencing budget cuts as a result of sequestration, has placed a moratorium on the enrollment of new students in the Job Corps, and has asked current contractors to propose cost savings measures to implement through the year 2016. These actions, plaintiff claims, are material changes to the September 2012 solicitation for Blue Ridge, and, therefore, DOL is required by the Federal Acquisition Regulation ("FAR") 15.206(a),[1] to reissue the solicitation for Blue Ridge. Plaintiff argues that an injunction pending appeal will have the practical effect of benefitting DOL by granting it time to reissue the solicitation while plaintiff continues operating the center.

Additionally, plaintiff notes that the contract has not yet been awarded, so there is no other entity that would be harmed by halting the procurement process.  Lastly, plaintiff emphasizes that an injunction would ensure continuity of excellent services for the students. Plaintiff argues that without the injunction, the students would begin receiving poor quality services from a small business.

In response, defendant states that the harms plaintiff alleges are speculative. *CRAssociates*, 103 Fed. Cl. at 26-27 ("[S]urmise and mere speculation . . . is simply not proof of irreparable harm."); *PlanetSpace, Inc. v. United States*, 90 Fed. Cl. 1, 8 (2009) (rejecting an argument of harm based on future delays that the court found to be speculative). For example, the moratorium on new student enrollment is set to expire on July 1, 2013. It is therefore unclear whether the moratorium will have an impact on the Blue Ridge procurement. It is DOL's role, and not that of the court, to assess the

---

[1] "When, either before or after receipt of proposals, the Government changes its requirements or terms and conditions, the contracting officer shall amend the solicitation." 48 C.F.R. § 15.206(a) (2013).

magnitude and consequences of cost reductions and determine the effects, if any, on the present procurement. DOL will decide whether the material terms of the contract have been so altered to warrant a new solicitation. Instead, DOL may choose to negotiate with the offerors to accommodate minor changes. In addition, we have no basis for concluding that it would require continuing plaintiff's services to ensure high-quality training for the students.

The harm weighs more heavily in favor of allowing DOL to proceed with the procurement process as it sees fit. Entering the injunction would have the guaranteed effect of delaying the procurement and forcing the agency to extend plaintiff's bridge contract. Plaintiff offers speculation without proof regarding the potential harm to others that would result from this process. We conclude that equity does not favor enjoining the procurement.

IV.     Public Interest

The public interest is well served, according to plaintiff, by encouraging competition amongst a larger pool of bidders, which results in a higher chance of awarding the contract to the best-suited bidder. Defendant correctly explains, however, that small business set-asides have been endorsed by Congress as an acceptable means of promoting competition. *See Data Transformation Corp. v. United States*, 13 Cl. Ct. 165, 175-76 (1987).

Plaintiff also cites *Red River Holdings, LLC v. United States*, for the proposition that "the public interest is best served when procurement errors are rectified and the award is made to the correct contractor in accord with the contract solicitations and the award criteria." 91 Fed. Cl. 621, 628 (2010). Plaintiff argues that we should grant the injunction until the appeal is decided so that the integrity of the procurement process will be preserved. This assumes its conclusion, however, that there were mistakes in the procurement process, a conclusion which the court has heretofore rejected.

CONCLUSION

The balance of equity does not weigh in plaintiff's favor. It would therefore be inappropriate to grant an injunction during the pendency of plaintiff's appeal. We deny plaintiff's motion for an injunction or stay pending appeal.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge